### PAHNER et v LECKIE

Ohio Appeals, 8th Dist, Cuyahoga Co

Decided Nov 2, 1931

Don P. Mills, Cleveland, for plaintiffs in error.

C. N. Fiscus, Cleveland, for defendant in error.

VICKERY, J.

The mistake that all seem to have made is in the legal effect of payment of a debt by the obligation of a third person. From the charge of his honor, one could only conclude that he had lost sight of the proposition. I think there is nothing better settled in the law of contracts than that where a debt or obligation is sought to be cancelled by payment not in cash, but by a note of a third person indorsed in blank or assigned, acceptance thereof operates as a payment and a cancellation of the obligation, unless there is an agreement that it shall be taken only as collateral.

Now, as already stated, the transfer of this Johnson note was a transfer of the obligation of a third person, and the endorsing and transferring of that note to Leckie was a complete and absolute payment, unless it was agreed at the time that the note should be taken by him only as collateral or security and the original debt should remain intact. Now here is where all parties seem to have gone wrong. Of course, the burden of proving payment is upon the man who pleads payment, in this case the plaintiff in error, the partnership; but when it had proven that a note of a third person was taken such acceptance operated as payment as a matter of law unless it was agreed that it should not be taken as payment, but only as collateral; and it did not fall upon the defendants to prove a negative. All they had to do was to prove the turning over of this note and mortgage securing it to this party; and this transfer, which is in the record, shows without any qualification that that was done.

Now, then, as a matter of law, that operated as a payment and a complete discharge, it being the obligation of a third person and not of the debtor himself; for in such a case if he gave his own note the presumption would be that it was a conditional payment, but it may just as authoritatively be stated that when a third person's note is given the debt is wiped out, unless, as already set forth, there is an agreement to the contrary. Inasmuch as the defendants did not have to prove a negative, after they had proven what in law would be a good payment, the burden of procedure would then shift over to the plaintiff, and he would have to show by a preponderance of the evidence that this note and mortgage was not taken as payment, but as security or collateral only.

The court seemed in his charge to utterly confuse the issues in this lawsuit. He said, of course, the burden of proving payment was upon the defendants, which is true; but here the defendants had proven payment, for there is no dispute of the fact of their turning over the note of a third person. The fact is that the same day the balance between the account stated and the amount of the note of the third person was figured, amounting to $193.40, the plaintiffs in error gave a check for so much and the note and mortgage were taken, and the payments upon the note were collected; and, as already stated, when the next settlement came the next year nothing was said about anything being due on this old account stated.

The plaintiff had to prove by a preponderance of the evidence that this note and mortgage were taken by him as collateral security only and not as payment, and that the original claim remained intact, and when counsel for the defendants below asked the court to charge this proposition of law the refusal of the court so to do was erroneous. To illustrate: When the defendants pleaded an account stated, and pleaded payment, and introduced evidence showing that this note and mortgage of a third party were transferred to Leckie, they could safely have rested, and did rest, for the law took care of the matter. So it necessitated evidence on the part of the plaintiff to show under what conditions he took this note and mortgage of Johnson. If that was not done, the court's duty was to direct a verdict in favor of the defendants, because the case made by the plaintiff was completely met at the conclusion of the defendants' testimony. So the issue really was brought out in the reply, and the testimony of the plaintiff must prove that the acceptance by him of the note and mortgage of Johnson was not in any way to obliterate and discharge the debt, but that those instruments were taken simply as collateral security thereto.

The court spent considerable learning on defining what a contract is, and what payment is, but he neglected entirely to tell the jury what the law is after the defendant has proven the assignment of the note and mortgage of a third person.

We think it was the duty of the court to instruct the jury that the burden of proving that this note and mortgage were not taken as payment was upon the man who made such claim, and that was the only issue in the case; and we further think that the court wrongfully charged that that duty was upon the defendants; and for these reasons we think this verdict and judgment were erroneous and must be reversed and the cause remanded to the Common Pleas Court for a new trial on the ground that the court erred in charging the jury, and erred in refusing to charge as requested that the burden of the only issue that there was in the case was upon the plaintiff, who could only recover by sustaining that burden, to wit, by showing that this note and mortgage were not taken as payment, but only as collateral security. That not having been done, but having been refused by the court, the judgment is reversed and the cause remanded.

LEVINE, PJ, and WEYGANDT, J, concur.